L. W. McLAMB AND WIFE, MARGIE McLAMB v. BROWN CONSTRUCTION COMPANY

No. 7118SC41

(Filed 31 March 1971)

1. Appeal and Error § 49— action for damages caused by blasting — exclusion of evidence — harmless error

In an action to recover damages to plaintiffs' residence allegedly caused by defendant's blasting operations, the trial court did not commit prejudicial error in the exclusion of testimony by defendant's expert witness tending to show that the blasting was 100 feet further away from plaintiffs' residence than plaintiffs' evidence tended to show, and that houses between plaintiffs' residence and the blasting site bore no visible signs of damage to their exterior when defendant's expert "just looked at them," the probative value of such testimony being so trivial that its exclusion could not have affected the result of the trial.

2. Damages § 13; Witnesses § 5— testimony competent for purpose of corroboration

In an action to recover damages to plaintiffs' residence allegedly caused by defendant's blasting operations, testimony by two witnesses describing the damage plaintiffs had pointed out to them as having been caused by the blasting, and testimony by another witness that he had not observed cracks in the ceiling in plaintiffs' house before the blasting, *held* competent to corroborate testimony by plaintiffs.

3. Damages § 13; Evidence § 15— damages observed 16 months after blasting — competency of testimony

Testimony by plaintiffs' witness as to damage he observed to plaintiff's house was not rendered incompetent by the fact that the witness' observations were made some 16 months after the blasting occurred.

4. Appeal and Error § 48— admission of evidence — harmless error

Admission of testimony by a neighbor of plaintiffs that he found a crack in his own windowsill about a week after the blasting, if error, was not prejudicial to defendant.

McLamb v. Construction Co.

5. **Damages § 13; Evidence § 15— fair market value of home before and after blasting — testimony based on inspection 17 months after blasting**

    In an action to recover damages to plaintiffs' home allegedly caused by defendant's blasting operations, opinion testimony by plaintiffs' witness as to the fair market value of the residence before and after the damages was not rendered incompetent by the fact that the inspection of the residence by the witness was made some seventeen months after the blasting.

6. **Rules of Civil Procedure § 51— recapitulation of the evidence**

    The trial court is not required to recapitulate all the evidence, but only so much as is necessary to explain the application of the law. G.S. 1A-1, Rule 51(a).

APPEAL by defendant from *Crissman, Superior Court Judge,* 17 August 1970 Session, High Point Division, GUILFORD Superior Court.

Plaintiffs instituted this action to recover damages to their residence allegedly caused by blasting operations carried out by defendant. Plaintiffs allege, and defendant admits, that in October 1968 defendant used explosives for the purpose of dislodging rock deposits in the course of a ditch which defendant was excavating along Allen Jay Road near plaintiffs' property.

Plaintiffs offered evidence which tended to show that the blasting by defendant was one thousand feet from plaintiffs' house and that on 9, 10, or 11 October 1968 a blast, heavier than had been felt previously, "shook the house enough that you could feel the whole house vibrating and moving, and it run a plaster streak through our walls, completely through it, and plaster fell in the floor that day. . . ." Plaintiffs' evidence further tended to show cracks throughout the inside of the house in floors, walls, and ceilings; and cracks and damage to the exterior of the house. Plaintiffs' evidence tended to show damages as high as $15,000.00.

Defendant offered evidence through its expert engineer which tended to show that the blasts were not of sufficient intensity to cause earth wave vibration damage to plaintiffs' residence; that the damage to plaintiffs' residence was caused by poor construction, by use of green timbers, by thermal and humidity forces, and by uneven settling of the structure. Defendant's expert also testified that in his opinion all of plaintiffs' damages could be completely repaired for $1,800.00.

The jury returned a verdict in favor of plaintiffs assessing damages at $8,000.00. From judgment entered upon the verdict defendant appealed.

*Haworth, Riggs, Kuhn & Haworth, by John Haworth for plaintiffs-appellees.*

*Morgan, Byerly, Post & Herring, by William L. Johnson, Jr., for defendant-appellant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge refused to allow the following testimony of defendant's expert witness:

"Q. Did you, at the time of this inspection, also inspect the vicinity of the blasting that took place?

"A. Yes, sir.

"Q. Approximately how far is this from the house?

"A. It was about 1100 feet.

"Q. Are there other residences located between the location of the blasting and the residence of Mr. and Mrs. McLamb?

"A. Yes, sir. There is a woods and several residences between Mr. and Mrs. McLamb's residence and the site of the blasting.

"Q. Did you inspect any of these other residences?

"A. Only from the outside; just looked at them.

"Q. Were there any visible signs of damage on the exterior of these houses?

"A. No, sir."

The testimony of the witness was by way of deposition and the trial judge had before him the later cross-examination of the witness wherein he testified that he was not present when the blasting was done. Therefore, the trial judge excluded the testimony quoted above upon the ground that it was hearsay. Conceding, without deciding, that it was error to exclude the testimony, we see no prejudice to defendant. The most that defendant could have hoped to establish by the excluded testimony was that the blasting was 100 feet further away from plaintiffs'

McLamb v. Construction Co.

residence than plaintiffs' evidence tended to show, and that houses between plaintiffs' residence and the blasting site bore no visible signs of damage to their exterior when defendant's expert "just looked at them." The probative value of the excluded testimony was so trivial that we fail to see how its exclusion or admission would alter the results of the trial. A new trial will not be granted for mere technical error which could not have affected the result of the trial. 1 Strong, N.C. Index 2d, Appeal and Error, § 47, p. 192.

[2] Defendant assigns as error the admission of certain testimony of plaintiffs' witnesses. Two of plaintiffs' witnesses were allowed to describe the damage plaintiff had pointed out to them as having been caused by the blasting. Their testimony served to corroborate plaintiff's testimony, and was admissible for that purpose. Defendant also complains that one of plaintiffs' witnesses was allowed to testify that he had not observed the cracks in the ceiling in plaintiffs' house before the blasting. This testimony was competent as tending to corroborate plaintiffs' testimony that the cracks did not exist before the blasting.

[3] Defendant assigns as error that one of plaintiffs' witnesses was allowed to testify as to damage he observed to plaintiffs' house about sixteen months after the blasting; it is defendant's contention that the witness' observations are too remote in time from the date of the blasting. Defendant's objection at trial was as follows: "OBJECTION to his testimony. It is some year and a half or almost two years later, if your Honor please." This objection was overruled and the witness was allowed to describe the damage observed and give his opinion as to the cause. The mere fact that the inspection by the witness was over a year after the date of the blasting does not alone render the testimony incompetent. Defendant's objection was properly overruled.

[4] Defendant assigns as error that a neighbor of plaintiffs was allowed to testify that he found a crack in his own window-sill about a week after the blasting. Conceding, without deciding, that this testimony was incompetent, its probative value is so scanty that we fail to see how its inclusion or exclusion would alter the results of the trial. Mere technical error does not justify a new trial.

[5] Defendant assigns as error that plaintiffs' witness was allowed to give his opinion of the fair market value of plaintiffs' residence before and after the damages. It is defendant's conten-

Alltop v. Penney Co.

tion that the inspection made by the witness was too remote in time from the date of the blasting. The inspection by this witness was about seventeen months after the blasting. It is defendant's contention that no showing was made that the witness observed only the damage that existed immediately after the blasting. This contention cannot be sustained. The testimony was that plaintiff pointed out to the witness the areas which plaintiff contended were damaged by the blasting; and plaintiff had already fully testified and described the areas he contended were damaged by the blasting. The weight and credibility to be given the testimony was for jury determination.

[6] Defendant assigns as error that the trial judge did not recapitulate all of the evidence, and that this amounted to an expression of opinion. We have carefully read the entire charge of the court to the jury, and we find no unfairness to defendant. The trial court is not required to recapitulate all of the evidence, but only so much as is necessary to explain the application of the law. G.S. 1A-1, Rule 51(a).

The remainder of defendant's assignments of error have been carefully considered and we have determined them to be without merit.

No error.

Judges MORRIS and VAUGHN concur.